# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Cr. ID No. 1411008699 |
| | ) | |
| KEITH L. CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: December 5, 2016
Decided: February 13, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED AND DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED

Matthew Frawley, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Keith L. Campbell, Sussex Correctional Institution, Georgetown, Delaware, *pro se.*

**MAYER,** Commissioner

This 13th day of February, 2017, upon consideration of Defendant's Motion for Postconviction Relief and Motion for Appointment of Counsel, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. On January 20, 2015, Defendant was indicted on the following charges: two counts of Attempted Murder First Degree, two counts of Possession of a Firearm During the Commission of a Felony, two counts of Possession of a Firearm by a Person Prohibited, and Conspiracy First Degree.

2. Defendant, with the assistance of trial counsel, submitted several motions to suppress search warrants and statements made by Defendant. After full briefing, and oral argument, the Court issued a Memorandum Opinion on October 6, 2015 granting the motion in part and denying it in part. By way of the motions, Defendant raised five distinct arguments including that the information in the warrant was insufficient to establish probable cause and whether there were any alleged misstatements by the detective in the search warrant affidavit which required a *Franks*[1] hearing. The Court held that the warrants were sufficient to establish probable cause and there was no proof that the detective's statements were untruthful or that Defendant was entitled to a *Franks* hearing.

---

[1] All references to "*Franks*" are meant to refer to *Franks v. Delaware*, 438 U.S. 154 (1978).

1

3.    On October 6, 2015, Defendant pled guilty to Assault First Degree, Assault Second Degree, Conspiracy Second Degree, and one count of Possession of a Firearm by a Person Prohibited (the "PFBPP Charge"). In the Plea Agreement, the State agreed to cap its Level 5 recommendation at 15 years or to recommend 25 years of Level 5 incarceration suspended after 15 years, followed by decreasing levels of probation.[2] Prior to accepting this plea, Defendant rejected an offer from the State that involved Defendant pleading guilty to several felonies and the State's recommendation to cap the time to be served at Level 5 at 10 years.[3]

4.    On that same date, Defendant also signed a Truth-in-Sentencing Form acknowledging that he was freely and voluntarily pleading guilty to the charges listed in the Plea Agreement, that he had not been promised anything that was not stated in the written Plea Agreement, and that no one threatened or forced him to enter the plea. Defendant also acknowledged that by pleading guilty he was waiving the right to a trial, to question witnesses, and if convicted, to file an appeal to the Delaware Supreme Court with the assistance of a lawyer. Further, Defendant acknowledged that based on the totality of the charges to which he was pleading guilty, the consecutive maximum sentence could be 50 years.

---

[2] Docket No. 45.

[3] Docket No. 42.

5.     Defendant later filed two Motions to Withdraw Guilty Plea. On April 21, 2016, the Court denied the motion but agreed to reduce the Defendant's minimum mandatory time for the PFBPP Charge to 5 years.[4]

6.     In support of the Motion to Withdraw Guilty Plea, trial counsel submitted a letter indicating Defendant was incorrectly advised by counsel (and the Court) regarding the minimum penalty for the PFBPP Charge.[5] In fact, Defendant argued that the prosecutor, defense attorney, and the judge all misunderstood the minimum penalty for the PFBPP Charge.

7.     In the April 21, 2016 decision, the Court (i) acknowledged that Defendant did not argue that he was unclear as to the terms of the Plea Agreement, that his mental or physical condition rendered the plea involuntary, or that he was mistaken with regard to his legal rights; (ii) held that counsel aggressively pursued Defendant's legal position in seeking to suppress evidence and urging the Court to hold a *Franks* hearing; (iii) emphasized that the Plea Agreement substantially reduced Defendant's exposure in that if he had been convicted at trial, he would likely be spending the remainder of his life incarcerated; and (iv) recalled the extensive colloquy with Defendant regarding the rights he was giving up and the

---

[4] Docket No. 54.

[5] Docket No. 53.

3

Plea Agreement he was accepting and that Defendant displayed no hesitation or confusion.

8.     The Court then analyzed Defendant's two previous convictions, to which he plead guilty and was sentenced on the same day, and held that while Defendant committed two separate crimes on different days, they were to be treated as a singular conviction subjecting Defendant to the five-year minimum mandatory sentence, rather than a ten year minimum mandatory term originally thought to apply.[6]  The Court denied the motion to withdraw the guilty plea on the basis that Defendant entered into the plea knowingly, intelligently and voluntarily, and the reduction only benefited Defendant, and thus "Defendant would not have foregone his decision to plead guilty as a result of this change in the minimum mandatory sentence..."

9.     Defendant was sentenced on June 7, 2016 to a total of twelve (12) years at Level 5, followed by decreasing levels of probation.  Included within the sentence, Defendant received five (5) years at Level 5 for the PFBPP Charge.[7]

---

[6]  At the time that Defendant plead guilty, it was believed that he was subject to the enhancement found in 11 Del. C. §1448(e)(2)(c) and a minimum mandatory time to be served of 10 years for the PFBPP Charge.  The Court amended the sentence in this case to reflect a minimum mandatory sentence of 5 years which is consistent with 11 Del. C. §1448(e)(1)(b).

[7]  Docket No. 55.  Defendant also filed a *pro se* Motion for Reduction/Modification of Sentence (Docket No. 57) that was denied on October 20, 2016 (Docket No. 58).

10. On December 5, 2016, Defendant filed a thirty-one page single spaced Motion for Postconviction Relief including numerous case citations and exhibits. In support of his postconviction motion, Defendant argues (i) trial counsel was ineffective for failing to file an effective motion to suppress; and (ii) prosecutorial misconduct as well as ineffective assistance of counsel requires relief as a result of counsel overstating the applicable statutory time when the plea was offered and accepted.

## DEFENDANT'S RULE 61 MOTION

11. The Court must first determine whether there are any procedural bars to the motion before considering the merits.[8] Having reviewed the Motion it is evident that although timely, the Defendant's Motion is procedurally barred and may be summarily dismissed.

12. Defendant's motion is barred by Superior Court Criminal Rule 61(i)(4) which prohibits a defendant from raising claims that have already been adjudicated in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding or in a federal habeas corpus proceeding. Defendant's postconviction motion raises essentially two issues, counsel's inability to secure a *Franks* hearing and prevail on the motion to suppress, and a collective misunderstanding of the minimum sentence applicable to Defendant's PFBPP

---

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

5

Charge. These issues were directly addressed by the Court's decisions on the Motion to Suppress and Motion to Withdraw Guilty Plea. Defendant did not seek an appeal or other reconsideration of either decision and both decisions were finally adjudicated. Defendant is now precluded from raising these claims again.

13. The procedural bar set forth above will not apply to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[9] Defendant has not raised the issue of lack of jurisdiction and the Motion does not satisfy the necessary pleading requirements. Pursuant to Rule 61(d)(2), a postconviction motion shall be summarily dismissed, unless the movant was convicted after a trial and the motion either (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and render the conviction or death sentence invalid.

14. Defendant plead guilty to the charges and has not asserted any new evidence or facts demonstrating any inference that he is innocent of the acts giving rise to the conviction. Rather, Defendant appears to be challenging the sentence that was

---

[9] Superior Court Criminal Rule 61(i)(5).

imposed, not the conviction. Further, Defendant has not claimed that a new rule of constitutional law affects his conviction. As such, Defendant has failed to meet the pleading requirements of Rule 61(d)(2)(i)-(ii) and has not presented any argument to justify relief from the procedural bar.

15.  Even if considered on the merits, Defendant's arguments are not supported by the record and Defendant has failed to establish that trial counsel was ineffective. When reviewing a claim of ineffective assistance of counsel, the Court must analyze counsel's conduct based upon all of the facts of the case and avoid peering through the lens of hindsight.[10] Defendant must show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.[11] "A defense attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."[12] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[13] Even assuming trial counsel erred, in order for Defendant's motion to succeed, he must prove that (i)

---

[10] *State v. Wright*, 653 A.2d 288, 295 (Del. Super., 1994).

[11] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012).

[12] *Id* (holding defense counsel provided active and capable advocacy when evidence against Defendant was overwhelming) (citing *Harrington v. Richter*, 131 S.Ct. 770, 787-792 (2011)).

[13] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

7

counsel's representation fell below an objective standard of reasonableness; and (ii) the error was so prejudicial that Defendant would not have plead guilty and would have insisted on going to trial.[14]

16.     Importantly, Defendant does not argue that he would not have pled guilty. Rather, he argues that he would have preferred a better deal. If Defendant had gone to trial, the convictions and sentencing could have been significantly more severe than the Plea Agreement that resulted in twelve years at Level 5. Defendant ignores the fact that by accepting the State's plea offer, he avoided a trial that involved (i) two counts of Attempted Murder First Degree in addition to other felony charges; (ii) a possible penalty of a life sentence at Level 5; and (iii) strong evidence by the State in support of the charges. Defendant's sentence is dwarfed by the possible sentence that could have been imposed. Defendant argues that he would have accepted the rejected plea that included a recommendation of a cap at 10 years at Level 5 with a mandatory minimum of 7 years.[15] However, the Court is not bound by the State's recommendation, and there is no right to enter into a plea

---

[14] *State v. Kashner*, 2016 WL 354999, at *1 (Del. Super., Jan. 27, 2016); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[15] The original plea offer included a charge of Possession of a Firearm During the Commission of a Felony, not the PFBPP Charge.

agreement for a specific sentence or range of sentence.[16]   Moreover, there was no prejudice to the Defendant because the Court corrected the mandatory minimum applicable to the PFBPP Charge.

17.    Furthermore, to the extent Defendant argues that counsel's performance was deficient with respect to the suppression of evidence, this argument is directly contradicted by the record.  Defendant's motion to suppress was successful in part and Defendant agreed to the plea in light of the Court's ruling.  In addition, in the Court's April 21, 2016 decision, the Court held that "[d]espite Defendant's allegations to the contrary, counsel in this case has aggressively pursued Defendant's legal position, both in terms of seeking to suppress certain evidence and urging the Court to hold a *Franks* hearing."[17]   Therefore, there is no evidence that trial counsel's performance was deficient with respect to this matter.

18.    In light of the facts and circumstances in this case, to the extent there was an error on the part of trial counsel, such error did not affect the outcome of this matter.  As the Court noted in its April 21, 2016 decision, "[a]ny suggestion that the Court's decision today, *reducing* the minimum mandatory sentence faced by Defendant from ten to five years, could have caused Defendant to instead proceed to trial is utterly without merit."  The evidence against Defendant was strong,

---

[16] *Somerville v. Sate*, 703 A.2d 629, 632-633 (Del. 1997); Superior Court Criminal Rule 11(e). Notably, the possible sentence for the charges to which the Defendant pled guilty could have been as much as 50 years, significantly more than the 12 years he received.

[17] Docket No. 54 at p. 2.

9

Defendant received a substantial benefit from the Plea Agreement and the record reflects that Defendant entered into it knowingly, voluntarily and intelligently. As such, the Motion does not meet the requirements for post-conviction relief.

**DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**

19. In support of his Motion for Appointment of Counsel, Defendant re-iterates his arguments set forth in the Motion for Postconviction Relief. Defendant's post-conviction arguments were set forth at length in the motion and supported by citations to legal authorities as well as exhibits. Defendant pled guilty and did not take an appeal to the Delaware Supreme Court. In light of the above recommendation regarding the Motion for Postconviction Relief and the additional facts set forth herein, Defendant has not articulated a basis for appointment of counsel pursuant to Superior Court Criminal Rule 61(e)(2).

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be summarily dismissed and Defendant's Motion for Appointment of Counsel should be denied.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc: Prothonotary
cc: Keith Campbell

10